Michele A. Powers (SBN 174779)
*michele.powers@alston.com*
ALSTON & BIRD LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 576-1030
Facsimile: (213) 576-1100

Attorneys for Plaintiffs
AT&T Mobility LLC and AT&T Intellectual
Property II, L.P.

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY LLC and AT&T INTELLECTUAL PROPERTY II, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> C-TECH WHOLESALE, INC.; and HASSAN CHAALAN, <br><br> Defendants. | Case No.  CV09-6131 CAS (CWx) <br><br> **FINAL JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS C-TECH WHOLESALE, INC. AND HASSAN CHAALAN** |

Plaintiffs AT&T Mobility LLC and AT&T Intellectual Property II L.P. (collectively "AT&T"), brought the above-captioned lawsuit against Defendants C-Tech Wholesale, Inc. and Hassan Chaalan (collectively referred to as "Defendants"), alleging that Defendants are engaged in an unlawful enterprise involving the acquisition, sale, and alteration of large quantities of AT&T wireless devices sold for the purpose of use with AT&T's prepaid service (referred to herein as "GoPhones" or "Phones") and associated SIM cards and activation kits purchased from retail outlets, the solicitation and payment of others to bulk purchase Phones for Defendants' benefit, computer hacking and erasing or otherwise disabling software installed in the Phones, or selling the Phones to others

who disable the software, and ultimately selling or facilitating the sale of the altered Phones as new under the AT&T trademarks for unauthorized use outside of the AT&T wireless system for profit and illicitly selling and/or fraudulently activating the SIM cards that come with the prepaid devices for the unlawful acquisition of airtime (the "Illicit Bulk Resale Scheme").

AT&T GoPhones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of the GoPhones.  These Terms and Conditions are set forth in printed inserts that are included in the packaging with every AT&T GoPhone and are posted on AT&T's website.  AT&T alleges that the Terms and Conditions and language on the GoPhone packaging constitute a valid binding contract.

AT&T alleges that Defendants have violated the Terms and Conditions by, *inter alia*, purchasing AT&T GoPhones with the intent that such phones will not be activated and used on AT&T's service, but instead with the intent to improperly unlock, repackage, or resell the phones, or by otherwise using the GoPhones in violation of the Terms and Conditions.

As a result of Defendants' alleged involvement in the Illicit Bulk Resale Scheme, AT&T asserted claims against Defendants for breach of contract; trademark infringement under 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a); federal trademark dilution under 15 U.S.C. § 1125(c); violation of Cal. Bus & Prof. Code §§ 14200 *et seq*. and 17200 *et seq*.; contributory trademark infringement; tortious interference with business relationships and prospective advantage; tortious interference with contract; conspiracy to induce breach of contract; civil conspiracy; and unjust enrichment.

Based on the respective positions advocated by the parties and having reviewed the Complaint and file and being otherwise duly and fully advised in the premises, it is hereby        **ORDERED**, **ADJUDGED** and **DECREED** that:

FINAL JUDGMENT AND PERMANENT INJUNCTION
AGAINST DEFENDANTS C-TECH WHOLESALE AND          - 2 -
HASSAN CHAALAN

1.    This Court has jurisdiction over all the parties and all of the claims set forth in AT&T's Complaint.

2.    The Court finds that AT&T has the right to use and enforce said rights in the stylized AT&T and GOPHONE marks, which are used in connection with telecommunications products and services, as depicted below:





AT&T uses the AT&T Marks on and in connection with its telecommunications products and services.  The AT&T and GOPHONE marks are valid, distinctive, protectable, famous, have acquired secondary meaning, and are associated exclusively with AT&T.

3.    The Court finds that, if proven, Defendants' alleged involvement in the Illicit Bulk Resale Scheme would constitute breach of contract; trademark infringement under 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a); federal trademark dilution under 15 U.S.C. § 1125(c); violation of Cal. Bus & Prof. Code §§ 14200 *et seq*. and 17200 *et seq*.; contributory trademark infringement; tortious interference with business relationships and prospective advantage; tortious interference with contract; conspiracy to induce breach of contract; civil conspiracy; and unjust enrichment.

4.    The Court finds that the Terms and Conditions and the language on the GoPhone packaging constitute a valid binding contract enforceable against purchasers of GoPhones.  The Court finds that (a) facilitating others to use GoPhones in conjunction with service providers other than AT&T, and (b) tampering with or altering, or facilitating or assisting others to tamper with or alter, GoPhones or the GoPhones' software constitute independent breaches of contract for which AT&T is entitled to relief.

5.     The Court further finds that, if proven, Defendants' alleged participation in the Illicit Bulk Resale Scheme, including, *inter alia* the purchase and sale of GoPhones and activation kits, would cause substantial and irreparable harm to AT&T for which there is no adequate remedy at law, and would continue to cause substantial and irreparable harm to AT&T unless enjoined.

6.     On review and consideration of all relevant factors, AT&T is entitled to damages and injunctive relief on the claims as set forth in the Complaint.

7.     Final judgment is hereby entered against Defendant C-Tech Wholesale, Inc. and in favor of the Plaintiffs AT&T Mobility LLC and AT&T Intellectual Property II L.P., on all claims set forth in AT&T's Complaint in the principal amount of Five Million Dollars and Zero Cents ($5,000,000.00 (U.S.)), which shall bear interest at the legal rate, for which let execution issue forthwith.

8.     C-Tech Wholesale, Inc. and Hassan Chaalan, and each and all of their respective officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, agents, employees, personal representatives, beneficiaries, and all other persons or entities acting or purporting to act for him/it or on his/its behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with any Defendant or any Defendant's representatives, agents, assigns, parent entities, employees, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with any Defendant who receive notice of this Order, shall be and hereby are PERMANENTLY ENJOINED from:

   a. purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any AT&T GoPhones as well as related "Activation Materials," which consist of SIM Cards, GoPhone airtime cards, PIN numbers and/or other mechanism, process

or materials used to activate service or acquire airtime in connection with a new activation;

b.  purchasing, selling, unlocking, reflashing, altering, advertising, soliciting and/or shipping, directly or indirectly, any AT&T wireless handset that Defendants know or should know bears any AT&T or GoPhone Trademark, any other trademark owned or used by AT&T. Unless expressly authorized by AT&T in writing, Defendants are enjoined from purchasing and/or selling, directly or indirectly, all models of phones currently offered for sale by AT&T or that may be offered for sale in the future, as listed and updated from time to time on AT&T's website: http://www.att.com, regardless of whether such devices are in or out of their original packaging, or whether "locked," "unlocked," or otherwise modified in any way by any person;

c.  accessing, altering, erasing, tampering with, deleting or otherwise disabling the software contained in any GoPhone and/or fraudulently activating Activation Materials;

d.  facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in unlocking GoPhones and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in GoPhones;

e.  facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction, including, without limitation, the buying and/or selling of unlocked GoPhones and Activation Materials; and

f.  knowingly using the AT&T or GoPhone Marks or any mark owned or used by AT&T, or that is likely to cause confusion with AT&T's marks, without AT&T's prior written authorization.

9.     The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction and to enforce the terms of the parties' settlement agreement (including providing any rights or remedies contained therein).  Upon AT&T's filing of an affidavit or declaration that any one or all of the Defendants have defaulted under the settlement agreement or/or violated the Permanent Injunction, the Court shall find the Defendants in contempt and shall award AT&T compensatory damages in an amount of $5,000 for each AT&T GoPhone or item of Activation Material that Defendants are found to have purchased, sold, or unlocked in violation of this Injunction.  The Court finds that these amounts are compensatory and will serve to compensate AT&T for its losses in the event a Defendant violates the terms of this Order.

10.     The address of C-Tech Wholesale, Inc. is 4141 Ball Road, Cypress, California 90630.

11.     The address of Hassan Chaalan is 4122 Elizabeth Court, Cypress, California 90630.

12.     The address of Plaintiffs AT&T Mobility LLC and AT&T Intellectual Property II L.P. is 1025 Lenox Park Blvd., Atlanta, GA  30319.

13.     The Court retains jurisdiction over this matter to enter a subsequent judgment for damages against Defendant Chaalan in the event of a violation of the terms of this injunction or the settlement agreement.

14.     The Court hereby finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay and orders that Judgment shall be entered against Defendants as set forth herein.

DONE AND ORDERED in Los Angeles, California, this 26th day of August, 2009.

_Christine A. Snyder_
United States District Judge